UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

NATHANIEL WAUGH,

     Plaintiff,

v.                                                                    Case No. 4:19cv29-MW-CJK

FLORIDA DEPARTMENT OF
LAW ENFORCEMENT, et al.,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff is a Florida Department of Corrections inmate currently confined at Florida State Prison in Raiford, Florida.  He has filed a civil rights complaint (doc. 1) and motion to proceed *in forma pauperis* (doc. 2).  After reviewing the complaint and plaintiff's litigation history, the undersigned concludes this case should be dismissed under 28 U.S.C. § 1915(g) because plaintiff is barred from proceeding *in forma pauperis* and failed to pay the full filing fee upon initiation of this suit.

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances.  Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state

a claim upon which relief may be granted, unless the prisoner is under
imminent danger of serious physical injury.

A prisoner who is no longer entitled to proceed *in forma pauperis* must pay the filing

fee at the time he initiates a lawsuit, and his failure to do so warrants dismissal of

his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir.

2002) (holding "the proper procedure is for the district court to dismiss the complaint

without prejudice when it denies the prisoner leave to proceed *in forma pauperis*

pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing

fee at the time he initiates the suit").  The only exception is if the prisoner alleges he

is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

The court takes judicial notice of at least three federal civil actions or appeals

previously filed by plaintiff, while incarcerated, which were dismissed as frivolous,

for failure to state a claim, or as an abuse of the judicial process.  *See Waugh v.

Conklin*, Case No. 2:10cv14083-KMM (S.D. Fla. May 28, 2010) (complaint

dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, and

barred by *Younger* and *Heck*); *Waugh v. Highlands Cty. Sheriff's Office*, Case No.

2:12cv14382-JEM (S.D. Fla. Jan. 31, 2013) (complaint dismissed pursuant to 28

U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim); *Waugh v. Sarasota Cty.

Sheriff Office*, Case No. 1:17cv21145-DPG (S.D. Fla. Mar. 28, 2017) (complaint

dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim).  In

addition, plaintiff's status as a "three striker" has been acknowledged by the

Southern District of Florida. *See Waugh v. Dep't of Corr.*, Case No. 1:17cv23014-CMA (S.D. Fla. Aug. 28, 2017) (complaint dismissed pursuant to 28 U.S.C. § 1915(g)).*

Accordingly, plaintiff may not litigate this case *in forma pauperis* unless he demonstrates he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The complaint names the Florida Department of Law Enforcement, the Federal Bureau of Investigation, the U.S. Department of Justice, and "Insurance Policies" as defendants. The complaint, although awash with legalese, is devoid of well-pleaded factual allegations, much less allegations showing an imminent danger of serious physical injury. *See Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004) ("a prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under section 1915(g)"). Because plaintiff did not pay the filing fee at the time he initiated this action, and because it plainly appears plaintiff is not entitled to proceed *in forma pauperis*, this case should be dismissed under § 1915(g).

Accordingly, it is respectfully RECOMMENDED:

1.     That plaintiff's motion to proceed *in forma pauperis* (doc. 2) be DENIED.

---

* Plaintiff failed to accurately describe his litigation history on the civil rights complaint form. (Doc. 1, p. 3-4).

2.     That this case be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(g).

3.     That the clerk be directed to close the file.

At Pensacola, Florida, this 15th day of January, 2019.


*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


<u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  A copy of objections shall be served upon the Magistrate Judge and all other parties.  A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.